E-FILED
Friday, 09 June, 2017  11:19:40 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| MARK COOPER, | No. 3:17-cv-03102-RM-TSH |
| Plaintiff, | |
| v. | Judge Richard Mills |
| BEELMAN TRUCK CO., | Magistrate Judge Tom Schanzle-Haskins |
| Defendant. | **JURY TRIAL DEMANDED** |

### AMENDED COMPLAINT AT LAW

Plaintiff, Mark Cooper ("Cooper"), by and through his attorneys, Caffarelli & Associates, Ltd., for his Amended Complaint at Law against Defendant, Beelman Truck Co. ("Company" or "Beelman"), states as follows:

### NATURE OF ACTION

1.       This is a single-plaintiff action for damages and injunctive relief against Defendant, Beelman Truck Co., for its unlawful interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA").  Plaintiff also asserts a cause of action against Defendant under Illinois common law for retaliatory discharge.

### JURISDICTION AND VENUE

2.       This Court has original jurisdiction over Count I of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 2617 (right to civil action by employees under the FMLA).  This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3.       The unlawful employment practices described herein were committed within the State of Illinois, in the place of Mr. Cooper's employment at the Defendant's facility in

Springfield, Sangamon County, Illinois.  Accordingly, venue in the Central District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff resides in Athens, Illinois.

5.      Cooper worked for Beelman from in or about February 2014 until he was terminated on or about October 16, 2016.

6.      At all times relevant, Plaintiff was an "employee" within the meaning 29 U.S.C. § 2611(2)(A).

7.      Beelman is a Delaware corporation, headquartered in Missouri, and registered to do business within the State of Illinois.  Beelman specializes in dry bulk commodity transportation, with facilities throughout the Midwest.

8.      From in or about February 2014 through on or about October 16, 2016, Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 2611(4)(A).

9.      From in or about February 2014 through on or about October 16, 2016, Defendant employed more than 50 employees within 75 miles of their location in Springfield, Illinois.

10.     Plaintiff worked in excess of 1,250 hours per year in each year of his employment with Defendant.

## FACTUAL ALLEGATIONS

11.     Cooper started working for Defendant in or about February 2014 as a Truck Driver.  Throughout his employment, Cooper performed his job satisfactorily.

12.     In or about November 2015, while working, Cooper slipped as he was loading the trailer and injured his back.

13.     As a result of the injury, Cooper went to the Emergency Room. He was initially treated at an emergency room, where he was advised that he could not return to work. The following week, Cooper visited a different doctor for further treatment of his back injury.

14.     As a result of Cooper's November 2015 injury, he had to take two weeks off from work.

15.     Beelman's workers' compensation carrier paid Cooper's medical bills for his November 2015 medical treatment and workers' compensation benefits.

16.     In or about May of 2016, Cooper aggravated the November 2015 injury to his back.  Cooper reported the injury to the Company, but did not seek medical treatment.  As a result of this injury, Cooper was absent from work for two or three days in order to recuperate.

17.     On or about August 3, 2016, Cooper again aggravated the November 2015 injury to his back.  Cooper reported the injury to the Company and sought medical treatment first at the Emergency Room, and approximately one week later with another physician.

18.     As a result of this injury, and his doctor's orders, Cooper was absent from work for one week.

19.     The Company required that Cooper bring a doctor's note to show that he was able to return to work, which Cooper did.

20.     The Company did not pay Cooper any workers' compensation benefits or pay for his August 2016 medical treatment.

21.     In or about October 2016, Cooper was absent from work for two days because he was sick with the flu.

22.    Upon his return, on or about October 16, 2016, Defendant terminated Cooper. The Company informed Cooper that he was being let go due to poor attendance, and specifically cited his absences related to his back injury, as well as his recent absences due to the flu.

23.    At no point did Defendant alert Cooper of his rights under the FMLA.

24.    Defendant did not have posted in a conspicuous place on its premises a notice to inform employees of their rights under the FMLA.

25.    At no point did Defendant provide Cooper with any documentation, paperwork, or the option to apply for FMLA.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT - INTERFERENCE

26.    Plaintiff restates and incorporates Paragraphs 1 through 25 as though fully set forth herein.

27.    The matters set forth in this Count arise from Defendant's violation of the FMLA, 29 U.S.C. § 2601, et seq.

28.    Plaintiff suffered a serious health condition.

29.    Plaintiff was an "eligible employee."

30.    Defendant interfered with Plaintiff's rights under the FMLA by its failure to provide him with notice or information that he might qualify for or be entitled to receive leave from work under the FMLA.

31.    Defendant interfered with Plaintiff's rights under the FMLA by its failure to investigate whether he was entitled to FMLA leave from work once they had received notice of his serious medical condition and by failing to designate any absences relating to his serious health condition, specifically his back injury, as FMLA protected leave.

32.     Defendant interfered with Plaintiff's rights under the FMLA by terminating his employment based upon absences that should have been designated FMLA protected leave.

WHEREFORE, Plaintiff, Mark Cooper, respectfully requests that this Court enter an order as follows:

A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Plaintiff back wages and lost benefits due to Defendant's violations of the FMLA;

D. Awarding Plaintiff front pay;

E. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding Plaintiff injunctive relief;

G. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

H. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT II
## RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY

33.     Plaintiff restates and incorporates Paragraphs 1 through 25 as thought fully set forth herein.

34.     The Illinois Workers' Compensation Act, 820 Ill. Comp. Stat. § 305/1, *et seq*. ("IWCA"), provides remedies and medical benefits for employees who suffer injuries arising out of and in the course of their employment.

35.    Cooper suffered injuries arising out of and in the course of his employment, received medical treatment for those injuries, and was entitled to remedies and protections of the IWCA.

36.    Defendant discharged Cooper in retaliation for exercising his rights under the IWCA, which is in violation of public policy.

WHEREFORE, Plaintiff, Mark Cooper, respectfully requests that this Court enter an order as follows:

      A.  Awarding lost wages;

      B.  Awarding front pay;

      C.  Awarding prejudgment interest;

      D.  Awarding compensatory damages;

      E.  Awarding punitive damages;

      F.  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

      G.  Awarding Plaintiff such further and additional relief as the Court may deem just and proper.

**Plaintiff hereby requests a jury on all issues so triable.**

Dated:  June 9, 2017                              Respectfully submitted,

Alejandro Caffarelli, #06239078           MARK COOPER
Alexis D. Martin, #06309619
Caffarelli & Associates, Ltd.
224 S. Michigan Ave., Suite 300          By: /s/ Alexis D. Martin
Chicago, Illinois 60604                          Attorney for Plaintiff
Tel. (312) 763-6880

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned, an attorney, hereby certifies that a copy of the attached, **Amended Complaint at Law**, was served upon the individual listed below by electronically filing with the Clerk of the U.S. District Court of the Central District of Illinois on June 9, 2017.

Ted L. Perryman
Roberts Perryman, P.C.
1034 South Brentwood Blvd, Suite 2100
St. Louis, Missouri 63117
*tperryman@robertsperryman.com*

<u>/s/ Alexis D. Martin</u>